## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **2:26-cv-01542-JGB (DTB)**                    Date: **February 20, 2026**

Title:  **Nicholas J. Viggiano, Jr. v. Anaheim Police Dept., et al.**
===========================================================

**DOCKET ENTRY**
===========================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

<u>Rachel Maurice</u>                                    <u>    n/a    </u>
Deputy Clerk                                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:          ATTORNEYS PRESENT FOR DEFENDANT(S):
None present                                 None present

**PROCEEDINGS: (IN CHAMBERS) ORDER REQUIRING RESPONSE TO COMPLAINT AND ORDER TO SHOW CAUSE REGARDING FAILURE TO SERVE**

On October 31, 2025, plaintiff Nicholas J. Viggiano, Jr. ("Plaintiff") filed a Complaint in the Southern District of California. (Docket No. 1). The Complaint names the following defendants: Anaheim Police Dept., Anaheim Police Dept. I.A., Anaheim City Hall, Anaheim Code Enforcement, Gang Unit Officer Barrera #2697, Chief Armendariz, Chief Cimino, Joseph Hockenberry, Helicopter Pilots, Miezner , Blackburn, Arrellano, Downs, Wartole, Salicos, Nootgedagt, Guo J. Elliot, and Micheal Lee.

On December 22, 2025, the City of Anaheim[1] appeared, filing a Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Action ("Motion"). (Docket No. 7). On January 13, 2026, Plaintiff filed his Opposition to the Motion. (Docket No. 9). On January 22, 2026, the City of Anaheim filed its Reply. (Docket No. 10).

On December 6, 2025, the Motion was granted, and the matter was transferred to the Central District of California. (Docket No. 13). The City of Anaheim is hereby ORDERED to file a response to the Complaint within 30 days of the date of this Order.

---

1       Plaintiff named the City of Anaheim under the names "Anaheim Police Dept.," "Anaheim Police Dept. I.A.," "Anaheim City Hall," and "Anaheim Code Enforcement" (each of which is a department, division, or facility of the City of Anaheim and not a separate legal entity).

MINUTES FORM 11                                    Initials of Deputy Clerk <u>RAM</u>
CIVIL-GEN

With respect to the remaining defendants, absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed.  <u>See</u> Fed. R. Civ. P. 4(m). Generally, a defendant must answer the complaint within 21 days after service, or 60 days if the defendant is the United States.  <u>See</u> Fed. R. Civ. P. 12(a).  In addition, "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3).

In the present case, it appears that one or more of these time periods has not been met as to some defendants.  Specifically, proof of service of the Summons and Complaint.

Accordingly, the Court, on its own motion, orders Plaintiff to show cause in writing **no later than twenty-one days from the date of this Order** why this action should not be dismissed for lack of prosecution as to the unserved defendants.

It is Plaintiff's responsibility to respond promptly to all Orders and to prosecute the action diligently, including filing proofs of service and stipulations extending time to respond.  If necessary, Plaintiff must also pursue Rule 55 remedies promptly upon the default of Defendant.  All stipulations affecting the progress of the case must be approved by this Court.  <u>See</u> L.R. 7-1.

No oral argument of this matter will be heard unless ordered by the Court.  The Order will stand submitted upon the filing of a written response.

**Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice for failure to prosecute and comply with court orders.  <u>See</u> Fed. R. Civ. P. 41(b).**

**IT IS SO ORDERED.**

MINUTES FORM 11
CIVIL-GEN

Initials of Deputy Clerk <u>RAM</u>